NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

JAYSON V., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.V., *Appellees*.

No. 1 CA-JV 20-0031
FILED 7-9-2020

Appeal from the Superior Court in Maricopa County
No. JD532532
The Honorable Cassie Bray Woo, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellees Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Peter B. Swann[1] joined.

---

**W I L L I A M S**, Judge:

¶1            Jayson V. ("Father") appeals the juvenile court's finding of dependency, arguing no reasonable evidence supports the court's ruling. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            Father and Cassie E. ("Mother") are the biological parents of A.V. ("Child"), who was born in 2017. Mother and Father never married and did not reside together. In 2019, the Department of Child Safety ("DCS") was notified that Mother's boyfriend was shot outside of Mother and Child's home. When police responded, they found drugs in the home. DCS also received reports alleging Father's substance use and abuse of Mother.

¶3            In May 2019, DCS filed a dependency petition, which it later amended, and placed Child with relatives. The amended petition alleged substance abuse as the sole basis for the dependency. Ultimately Mother did not contest the dependency, but Father did. In November 2019, two months before trial, Father obtained a medical marijuana card. At the conclusion of trial, the juvenile court found "the allegations of the petition [to be] true by a preponderance of the evidence," and found Child dependent "due to [Father's] substance abuse." Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶4            We review a finding of dependency for an abuse of discretion, *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015), "view[ing] the evidence in the light most favorable to sustaining the

---

[1] Chief Judge Peter B. Swann replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Chief Judge Swann has read the briefs and reviewed the record.

juvenile court's findings," *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 21 (App. 2005). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004), we will not disturb its findings unless no reasonable evidence supports the same, *Willie G.*, 211 Ariz. at 235, ¶ 21.

**¶5**        The juvenile court must make its dependency determination "based upon the circumstances existing at the time of the adjudication." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016). DCS has the burden of proving the allegations of a dependency petition by a preponderance of the evidence. *See* A.R.S. § 8-844(C)(1).

**¶6**        Father contends the juvenile court erred in finding child dependent as to him because at the time of trial Father had obtained a medical marijuana card. Father further contends "having a medical marijuana card cannot be used against [him] in the dependency proceeding, absence [sic] any evidence that his use of marijuana endangers [the] child." Father relies on the following portion of Arizona's Medical Marijuana Act in support of his position:

> A registered qualifying patient or registered designated caregiver is not subject to arrest, prosecution or penalty in any manner, or denial of any right or privilege, including any civil penalty or disciplinary action by a court or occupational or professional licensing board or bureau:
>
> 1. For the registered qualifying patient's medical use of marijuana pursuant to this chapter, if the registered qualifying patient does not possess more than the allowable amount of marijuana.

A.R.S. § 36-2811(B).

**¶7**        Although Father did not have a valid medical marijuana card at the time the dependency action was initiated, he acquired one several weeks before the dependency trial. And, as noted, *supra* ¶ 5, it is the "circumstances existing at the time of adjudication" upon which a finding of dependency must be based. Thus, had the juvenile court's finding of dependency for "substance abuse" been based simply upon Father's attainment of a medical marijuana card, we would agree with Father that the court abused its discretion. However, that was not the court's ruling, and the record demonstrates the court considered much more.

¶8　　　　Specifically, the court found "the allegations of the petition [to be] true." Those allegations included:

> Father is unable to parent due to substance abuse. Father admitted to the Department that he uses illegal substances, yet Father has not complied with any of the Department's requests for a rule-out hair follicle drug test. Father has a history of marijuana and drug paraphernalia possession changes [sic], including one from 2014 . . . and one from 2018 . . . It is believed that Father has an active warrant out for his arrest, which was issued on or about June 21, 2019 . . . Father has only very recently made himself available to the Department to be assessed for appropriate reunification services, but has yet to engage in reunification services such as ongoing random drug screens and substance abuse assessment and treatment. Father has yet to acknowledge the risk his substance abuse poses to the safety of his child.

¶9　　　　And, while the record does show that Father participated in some reunification services offered by DCS, the record also demonstrates a lack of consistent participation, including refusal to submit to or complete substance abuse testing. It was Father's failure to submit to or complete substance abuse testing that resulted in the court's conclusion that Father had failed "to establish that he does not have an ongoing substance abuse problem." Because the record supports the same, we cannot say the juvenile court abused its discretion.

¶10　　　　Finally, we recognize, as DCS noted in its answering brief, that the juvenile court failed to make "specific written factual findings" as required by A.R.S. § 8-844(C)(1)(a)(ii) and Arizona Rule of Procedure for the Juvenile Court 55(E)(3). To that end, the court erred. However, because Father failed to raise this claim either at trial or in his opening brief, he has waived the argument. *See* ARCAP 13(a)(7)(A); *see also Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 21 (App. 2007) (finding a mother waived her claim that the juvenile court failed to make required findings by failing to object in the juvenile court).

**CONCLUSION**

¶11 For the foregoing reasons, we affirm the juvenile court's finding of dependency.



AMY M. WOOD • Clerk of the Court
FILED: AA